Mathews, J.
delivered the opinion of the *663 court. In this case the defendant suffered judgment to be obtained by default against him, in the parish court, which being afterwards made final, he appealed.
East’n. District.
March 1817.
The record comes up without any statement of facts, or bill of exceptions, but it shews that the action was brought on a negociable note, indorsed in blank by the original payee, and several other blank indorsements appear after the first.
The appellant assigns as errors apparent on the record. 1. That the plaintiff does not appear to have any right of action: the title in the instrument on which the suit is brought not being in him. 2. That the instrument contradicts one of the material allegations in the petition. 3. That no evidence appears to have been introduced to prove the signature of the defendant, nor any of the indorsements. 4. That the judge did not adduce the reason on which the definitive judgment is grounded.
Bills of exchange and promissory notes made payable to the bearer pass by simple delivery, and a bona fide holder is entitled to them in full and absolute property. Where they are drawn payable to order, in countries where blank indorsements are permitted and customary among *664 merchants, the blank indorsement of the original payee assimilates them to those payable to bearer, so far as to be transferable by delivery, and vests the holder with a right of action against all the preceding parties. Chitty on bills, 116, Swift’s evidence, 309, Douglas 611.
The appellee is the fair holder of a negociable paper, indorsed in blank, which according to the custom of merchants in the United States, gives him a right of action against all preceding indorsers: the first error assigned is therefore without foundation.
The holder of a note thus circumstanced has not only a right of action against all the preceding parties to it collectively, but also separately, and he may chuse among them whom he will sue, and therefore the second error assigned is not supported.
The third assignment of error relates altogether to the evidence in the case, and as that is no bill of exceptions nor statement of facts, we are bound to conclude that every thing was properly done.
With regard to the fourth and last error assigned, we are of opinion that notwithstanding the expressions of the constitution in that respect seems to embrace every case, it would be absurd to apply the rule there laid down to cases wherein *665 judgment is obtained by default. The manner in which such a judgment is to be entered is pointed out by law, the act of the legislative council for regulating the practice of the late superior court in civil cases, 1805, c. 26, and, according to that law, if the court remains in session three days, after the judgment by default is taken and no motion be made to set the same aside, &c. then the said judgment shall be final, whenever the demand is liquidated by a note, &c. Now, by this law, it seems that no act of the court is required to render the judgment final whenever the sum is liquidated: it becomes so by the lapse of time. Surely, no reason can be required in support of a judgment in cases, wherein no activity or mental exertion is necessary on the part of the judge. From the tenor of the act alluded to, it appears evident that the legislature intended that in all cases of liquidated accounts or demands; when no answer is filed, the allegations the petition should be taken pro confessis, and that the judgment rendered in consequence of the default of the defendant would become final, in consequence of his negligence and sufferance, without any agency of the court. But, in the present case, the parish court has declared the judgment to be final and fixed its amount: yet, as this act was unnecessary to *666 give it the force and validity of a final judgment, it ought not to be allowed by any irregularity in the manner of doing it (supposing such really to exist) to destroy the force and efficacy of that, which would have been good and valid, without such an interference of the court. The failure of the defendant to answer is given in this case as the reason of the judgment by default; which would have become final by the mere operation of the law and requires no reasoning on the part of the court.
Seghers for the plaintiff, Moreau for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.